UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GREGORY L. BROWN,

    Plaintiff,

v.

R.T.C. GROUNDS, et al.,

    Defendants.

Case No. 14-cv-00001-JST (PR)

**ORDER OF DISMISSAL WITH FURTHER LEAVE TO AMEND**

    Plaintiff, an inmate at Salinas Valley State Prison (SVSP), filed this pro se civil rights action under 42 U.S.C. § 1983. The Court reviewed his complaint and dismissed it on the ground that there were a wide variety of claims that were improperly joined, in violation of Federal Rule of Civil Procedure 20(a). The Court gave plaintiff leave to amend. Plaintiff has filed an amended complaint, which is now before the Court for review under 28 U.S.C. § 1915A. For the reasons stated below, the Court dismisses the amended complaint with further leave to amend.

## BACKGROUND

    The amended complaint alleges the following:

    Plaintiff previously held "Single-Cell Status" (SCS) at SVSP. On November 18, 2008, two SVSP correctional officers aided and abetted the attempted murder of plaintiff by opening his cell door and allowing two inmates to enter his cell and stab him multiple times. Plaintiff filed an inmate appeal regarding the attack. In retaliation for the appeal, he was removed from SCS.

    By way of the instant action, plaintiff does not assert claims against the officers who allegedly opened his cell door and allowed the attack on plaintiff. Nor does he assert a claim for retaliation against the person or persons who took away his SCS. Rather, the instant action is based on events occurring in 2013 — several years subsequent to the attack.

    Specifically, on January 29, 2013, plaintiff informed defendant Unit Classification

Committee members Asuncion and Shafer that he is psychologically unable to have a cellmate due to paranoia stemming from his 2008 stabbing. Plaintiff requested reinstatement of his SCS. Defendants Asuncion and Shafer denied the request. Defendant Officers Solis and Berlingeri denied plaintiff's administrative grievance appealing the denial of his request. Plaintiff filed additional correspondence with defendant Warden Grounds, but defendant Grounds failed to take corrective measures.

On November 6, 2013, defendant Officer Beebe ordered plaintiff to accept a cellmate. When plaintiff refused the order, he was issued a Rules Violation Report (RVR) and subjected to a deprivation of due process.

Plaintiff alleges violations of his Eighth and Fourteenth Amendment rights.

## DISCUSSION

A.  Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint

must proffer "enough facts to state a claim for relief that is plausible on its face." Id. at 1974.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

There is no respondeat superior liability under Section 1983. Lemire v. California Dep't of Corrections & Rehabilitation, 726 F.3d 1062, 1074 (9th Cir. 2013). That is, a supervisor is not liable merely because the supervisor is responsible, in general terms, for the actions of another. Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); Ybarra v. Reno Thunderbird Mobile Home Village, 723 F.2d 675, 680-81 (9th Cir. 1984). A supervisor may be liable only on a showing of (1) personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. Henry A. v. Willden, 678 F.3d 991, 1003-04 (9th Cir. 2012). It is insufficient for a plaintiff to allege generally that supervisors knew about the constitutional violation or that they generally created policies and procedures that led to the violation, without alleging "a *specific* policy" or "a *specific* event" instigated by the supervisors that led to the constitutional violation. Hydrick v. Hunter, 669 F.3d 937, 942 (9th Cir. 2012) (emphasis in original).

B.    Legal Claims

The Eighth Amendment's prohibition of cruel and unusual punishment requires that prison officials take reasonable measures for the safety of inmates. See Farmer v. Brennan, 511 U.S. 825, 834 (1994). A prison official violates the Eighth Amendment only when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious, and (2) the official is, subjectively, deliberately indifferent to the inmate's safety. See id. at 834. The amended complaint does not state a claim for an Eighth Amendment violation because plaintiff does not allege what the objectively serious risk to his safety was, in 2013 — when the events allegedly occurred. Plaintiff does not allege, for example, that he had any enemy concerns at the time or that he was otherwise vulnerable to attack. Further, assuming there was an objectively serious risk, plaintiff does not allege how defendants were deliberately indifferent to that risk.

3

Leave to amend will be granted so that plaintiff will have one last chance to attempt to allege his Eighth Amendment claim. In preparing his second amended complaint, plaintiff should bear in mind that he must allege facts showing existence of both an objectively serious risk to his safety and deliberate indifference thereto by defendants.

Nor does the amended complaint state a claim for a Fourteenth Amendment due process violation. Interests protected by the Due Process Clause may arise from two sources – the Due Process Clause itself and laws of the states. See Meachum v. Fano, 427 U.S. 215, 223-27 (1976). Changes in conditions so severe as to affect the sentence imposed in an unexpected manner implicate the Due Process Clause itself, whether or not they are authorized by state law. See Sandin v. Conner, 515 U.S. 472, 484 (1995). Thus, although prison disciplinary proceedings are not part of a criminal prosecution and the full panoply of rights due a defendant in such proceedings does not apply, where serious rules violations are alleged and the sanctions to be applied implicate state statutes or regulations which narrowly restrict the power of prison officials to impose the sanctions and the sanctions are severe, the Due Process Clause requires certain minimum procedural protections. See Wolff v. McDonnell, 418 U.S. 539, 556-57, 571-72 n.19 (1974). The placement of a California prisoner in isolation or segregation, or the assessment of good-time credits against him, as a result of disciplinary proceedings, for example, is subject to Wolff's procedural protections if (1) state statutes or regulations narrowly restrict the power of prison officials to impose the deprivation, and (2) the liberty in question is one of "real substance." See Sandin, 515 U.S. at 477-87.

Here, because plaintiff has not proffered what sanctions were imposed upon him as a result of the RVR, the Court cannot determine whether he has alleged a due process violation. Further, even assuming the RVR resulted in discipline that amounts to the deprivation of a protected liberty interest under Sandin, plaintiff does not allege that he was deprived of any of the procedural protections to which he was entitled under Wolff. The process due in a prison disciplinary proceeding includes written notice of the charges, time to prepare for the hearing, a written statement of decision, allowance of witnesses and documentary evidence when not unduly hazardous to institutional safety or correctional goals, and aid to the accused where the inmate is

illiterate or the issues are complex.  Wolff, 418 U.S. at 564-67.

Leave to amend will be granted so that plaintiff will have one last chance to attempt to allege his due process claim.  In preparing his second amended complaint, plaintiff should bear in mind that he must allege what sanctions resulted from the RVR and what procedural protections he was not provided at the disciplinary hearing on the RVR.

## CONCLUSION

For the foregoing reasons, the Court hereby orders as follows:

1. Plaintiff's amended complaint is DISMISSED with leave to amend.

2. If plaintiff can cure the pleading deficiencies described above, he shall file a SECOND AMENDED COMPLAINT within **thirty (30) days** from the date this order is filed. The amended complaint must include the caption and civil case number used in this order (C 14-00001 JST (PR)) and the words SECOND AMENDED COMPLAINT on the first page.  **Failure to file a second amended complaint within thirty days and in accordance with this order will result in a finding that further leave to amend would be futile, and this action will be dismissed.**

3. Plaintiff is advised that an amended complaint supersedes the original complaint and first amended complaint.  "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint."  London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981).  Plaintiff may not incorporate material from the prior complaints by reference.  Defendants not named in an amended complaint are no longer defendants.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).

4. The Clerk shall send plaintiff a blank civil rights form along with his copy of this order.

**IT IS SO ORDERED.**

Dated: July 10, 2014



JON S. TIGAR
United States District Judge