UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GREGORY L. BROWN,

    Plaintiff,

    v.

R.T.C. GROUNDS, et al.,

    Defendants.

Case No. 14-cv-00001-JST (PR)

**ORDER OF DISMISSAL**

Plaintiff, an inmate at Salinas Valley State Prison (SVSP), filed this pro se civil rights action under 42 U.S.C. § 1983. On April 2, 2014, the Court screened plaintiff's complaint, and dismissed it with leave to amend. On April 25, 2014, plaintiff filed his first amended complaint (FAC), which the Court again dismissed with leave to amend. On July 29, 2014, plaintiff filed a second amended complaint (SAC). For the reasons that follow, the Court DISMISSES the SAC with prejudice.

**DISCUSSION**

**A.    Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the

claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." Id. at 1974.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

**B.      Legal Claims**

In his FAC, plaintiff alleged that he previously held "Single-Cell Status" (SCS) at SVSP but that he was removed from SCS in 2008 or 2009. On January 29, 2013, plaintiff informed defendant Unit Classification Committee members Asuncion and Shafer that he was psychologically unable to have a cellmate due to paranoia stemming from a 2008 stabbing. Plaintiff requested reinstatement of his SCS. Defendants Asuncion and Shafer denied the request. Defendant Officers Solis and Berlingeri denied plaintiff's administrative grievance appealing the denial of his request. Plaintiff filed additional correspondence with defendant Warden Grounds, but defendant Grounds failed to take corrective measures. On November 6, 2013, defendant Officer Beebe ordered plaintiff to accept a cellmate. When plaintiff refused the order, he was issued a Rules Violation Report (RVR) and subjected to a deprivation of due process.

The FAC alleged violations of the Eighth Amendment's proscription against cruel and unusual punishment and the Fourteenth Amendment right to due process. As to the Eighth Amendment claim, it was explained to plaintiff that the FAC did not state a claim as plaintiff failed to allege any objectively serious risk to his safety in 2013. See Farmer v. Brennan, 511 U.S.

825, 834 (1994). Plaintiff did not allege, for example, that he had any enemy concerns at the time or that he was otherwise vulnerable to attack. Further, assuming there was an objectively serious risk, plaintiff did not allege how defendants were deliberately indifferent to that risk. See id. In the SAC, plaintiff still does not allege the elements of a proper Eighth Amendment claim. Plaintiff merely repeats his conclusory allegations that defendants were deliberately indifferent in failing to reinstate his SCS. Accordingly, the Eighth Amendment claim will be dismissed without further leave to amend.

As to the Fourteenth Amendment claim, the Court could not determine whether the FAC alleged a due process violation because plaintiff did not state what sanctions were imposed on him as a result of the RVR. It was explained to plaintiff that only changes in conditions so severe as to affect the sentence imposed in an unexpected manner implicate the Due Process Clause. See Sandin v. Conner, 515 U.S. 472, 484 (1995). Plaintiff did not allege, for example, that he was placed in segregation or that he lost good-time credits as a result of the RVR. In the SAC, plaintiff still does not allege the elements of a proper Fourteenth Amendment claim. Specifically, plaintiff again fails to state what sanctions were imposed on him as a result of the RVR.

The Court notes that, in the SAC, plaintiff does allege that he lost privileges. Specifically, plaintiff alleges that his canteen and yard access privileges were limited and that he lost telephone calls, entertainment appliances, and recreational and entertainment activities. (See SAC at 4 n.4.) Plaintiff does not assert that the loss of privileges was imposed as a prison disciplinary sanction resulting from any guilty finding at his RVR hearing. Rather, he alleges that the privileges were taken away "[i]n retaliation for [plaintiff's] demand for due process" at the hearing. See id. Even assuming, however, that the loss of privileges was the sanction imposed, the SAC does not state a Fourteenth Amendment claim. See Rahman X v. Morgan, 300 F.3d 970, 973-74 (8th Cir. 2002) (no due process claim for deprivation of television, certain property, access to commissary and restrictions on outdoor exercise for twenty-six months); Frazier v. Coughlin, 81 F.3d 313, 317 (2d Cir. 1996) (loss of commissary, recreation, package, and telephone privileges did not amount to an atypical and significant deprivation); Owens v. Ayers, 2002 WL 13226, at *5 (N.D. Cal. Jan. 15, 2002) ("Under Sandin, separating an inmate from his property for a mere three months would not

amount to an atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."); Warren v. Irvin, 985 F. Supp. 350, 353 (W.D.N.Y. 1997) (denial of telephone, packages, commissary, earphones, movies, television, and third shower "does not represent the type of deprivation which could reasonably be viewed as imposing atypical and significant hardship on an inmate").  Accordingly, the Fourteenth Amendment claim will be dismissed without further leave to amend.

Plaintiff attempts to add a retaliation claim to his SAC.  Specifically, plaintiff alleges that defendant Beebe issued the RVR in retaliation for plaintiff's refusing orders to take a cellmate. (SAC at 4.)  Plaintiff also alleges that Beebe retaliated by making disparaging remarks about plaintiff's inmate grievances.  "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal."  Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted). To prove retaliation, a plaintiff must show that the defendants took adverse action against him or her that "would have chilled or silenced a person of ordinary firmness from future First Amendment activities."  White v. Lee, 227 F.3d 1214, 1228 (9th Cir. 2000) (citing Mendocino Envtl. Ctr. v. Mendocino County, 192 F.3d 1283, 1300 (9th Cir. 1999)).

Here, plaintiff pleads himself out of his retaliation claim by conceding that Beebe issued the RVR after plaintiff refused his orders.  A prisoner's refusal to obey a verbal order of correctional staff is not activity protected under the First Amendment.  In any event, plaintiff's conclusory allegations that defendant Beebe acted in retaliation fall short.  There are no facts alleged suggesting defendant Beebe issued the RVR because of protected conduct, or that the action chilled plaintiff's First Amendment rights, or that the action did not reasonably advance a legitimate correctional goal.

Nor do Beebe's alleged disparaging remarks suffice to state a retaliation claim. Allegations of verbal harassment and abuse fail to state a claim cognizable under 42 U.S.C. § 1983.  See Freeman v. Arpaio, 125 F.3d 732, 738 (9th Cir. 1997); Rutledge v. Arizona Bd. of

Regents, 660 F.2d 1345, 1353 (9th Cir. 1981); see, e.g., Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996), amended 135 F.3d 1318 (9th Cir. 1998) (disrespectful and assaultive comments by prison guard not enough to implicate Eighth Amendment).  Plaintiff's addition of these allegations does not state a cognizable claim for relief.

## CONCLUSION

For the foregoing reasons, this case is DISMISSED because the SAC fails to state a cognizable claim for relief.  Further leave to amend will not be granted because the Court already has explained to plaintiff the specific deficiencies in his pleading, and he has been unable or unwilling to correct them.

The Clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated:  November 10, 2014



JON S. TIGAR
United States District Judge